UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JOSEPH PHILLIP GERBER, II, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO.: 3:18-CV-864-RLM-MGG |
| ELKHART COUNTY CORRECTIONAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Joseph Phillip Gerber, II, a prisoner without a lawyer, filed a complaint against 17 defendants. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Gerber is a pretrial detainee in the Elkhart County Jail. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." Bell v. Wolfish, 441 U.S. 520, 535 (1979). In Kingsley v. Hendrickson, 576 U.S. __, __; 135 S.Ct. 2466 (2015), the United States Supreme Court explained "in the absence of an expressed intent to punish, a pretrial detainee

can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" 135 S.Ct. at 2473 (quoting *Bell v. Wolfish*).

Mr. Gerber alleges he was held in segregation from August 9, 2018, to August 13, 2018, without a due process hearing while he was being reclassified. A pretrial detainee, can't be punished without due process of law. Bell v. Wolfish, 441 U.S. 520. "But no process is required if he is placed in segregation not as punishment but for managerial reasons." Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002). Mr. Gerber was held in segregation over the weekend while he was being reclassified and wasn't entitled to due process. He alleges he was denied access to a shower or exercise while he was in segregation. The denial of these for less than a week does not state a claim. *See* Jaros v. Illinois Dep't of Corr., 684 F.3d 667, 671 (7th Cir. 2012) and Delaney v. DeTella, 256 F.3d 679, 687 (7th Cir. 2001). He also alleges that for almost 48 hours while he was in segregation, the running water in his cell was shut off as punishment. This allegation would state a claim if he had identified who was punishing him and why. But without a named defendant, these allegations don't state a claim on which relief can be granted.

Mr. Gerber alleges the Officers Dietz and Weaver punished him because he refused to carry a tray of feces into his cell on August 12, 2018. He doesn't say how he was punished. He has identified who punished him, but not how. Without more, these allegations don't state a claim on which relief can be granted.

2

Mr. Gerber alleges that on August 21, 2018, Officers Moore, Oswalt, Huddleston, Cominator, Green, and Cornell kept him in a cell with blood on the floor, the door, and the cuff port through which all his meals were passed that day. Though there might be legitimate reasons why their decisions to do so were rationally related to a legitimate nonpunitive governmental purpose, the complaint plausibly states a claim against these six defendants.

Mr. Gerber alleges that over the course of two weeks, each of his food trays and drinking cups were set on a table with blood on it. Again, he doesn't say who did this or whether the food or even the containers were contaminated as a result. These allegations don't state a claim upon which relief can be granted.

Mr. Gerber alleges Officer Loucks and Sgt. Simkins punished him on September 6, 2018, by putting him in a padded cell without a mat, blanket, or running water. He alleges Officers Huddleston, Oswalt, Eddy, and Cornell forced him to remain in the cell which was contaminated with hair, blood, and other bodily fluids. Though there might be legitimate reasons why these actions were rationally related to a legitimate nonpunitive governmental purpose, the complaint plausibly states a claim against these six defendants. The complaint further alleges that Officers Hopkins, Starr, Jankowski, Dietz, and Weaver refused to turn the water on in the cell, but it doesn't allege Mr. Gerber was denied adequate drinking water on September 6, 2018, and the mere lack of running water in a cell does not state a claim. *See* Gray v. Hardy, 826 F.3d 1000, 1005 (7th Cir. 2016) ("To date, we have recognized Eighth Amendment violations

where prisoners are deprived of cleaning supplies and running water only in extreme circumstances.").

The complaint names three other defendants, but makes no allegations about them. Two of the defendants, Sheriff Brad Rodgers and Warden Dan Edwards, are supervisors, but there is no general respondeat superior liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). The third defendant, Elkhart County Correctional Facility, is a building. It is not a suable entity. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). The complaint doesn't state a claim on which relief can be granted against these three defendants.

Mr. Gerber also submitted a proposed order asking the court to set a preliminary injunction hearing. He didn't file a motion for a preliminary injunction, the proposed order makes clear he wants an injunction preventing the defendants from placing him in segregation without due process, from telling him he could lose earned credit time for filing grievances, and from searching him without cause.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, the moving party must show (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies

at law are inadequate; and (3) he has a likelihood of success on the merits. *See* BBL, Inc. v. City of Angola, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013).

There is no basis for enjoining the defendants from placing Mr. Gerber in segregation without due process because there might be legitimate reasons for them to do so. *See* Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002). To the extent the defendants might act without legitimate reasons, there are adequate remedies at law. Neither is there any basis for enjoining the defendants from telling him he could lose earned credit time for filing grievances because he can legitimately lose earned credit time for filing frivolous or harassing grievances. *See* Douglas v. Finnan, 342 F. App'x 198, 199 (7th Cir. 2009). Moreover, merely telling him he could lose time, even if it were untrue, would not qualify as irreparable harm. Finally, there is no basis for enjoining the defendants from searching him without cause because "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson v. Palmer, 468 U.S. 517, 526 (1984).

For these reasons, the court:

> (1) GRANTS Joseph Phillip Gerber, II, leave to proceed against Officers Moore, Oswalt, Huddleston, Cominator, Green, and Cornell for holding him in a cell contaminated with blood on August 21, 2018, in violation of the Fourteenth Amendment;

(2) GRANTS Mr. Gerber leave to proceed against Officers Loucks and Sgt. Simkins for putting him in a contaminated padded cell on September 6, 2018, without a mat, blanket, or running water as punishment in violation of the Fourteenth Amendment;

(3) GRANTS Mr. Gerber leave to proceed against Officers Huddleston, Oswalt, Eddy, and Cornell for holding him in a contaminated cell on September 6, 2018, in violation of the Fourteenth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Elkhart County Correctional, Brad Rodgers, Dan Edwards, Hopkins, Starr, Jankowski, Dietz, and Weaver;

(6) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process with a copy of this order and the complaint (ECF 1) on Officers Huddleston, Cornell, Green, Eddy, Oswalt, Loucks, Moore, Cominator, and Sgt. Simkins at the Elkhart County Jail; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officers Huddleston, Cornell, Green, Eddy, Oswalt, Loucks, Moore, Cominator, and Sgt. Simkins to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 7, 2019

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT