UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSEPH PHILLIP GERBER, II,<br><br>        Plaintiff,<br><br>    v.<br><br>ELKHART COUNTY CORRECTIONAL, et al.,<br><br>        Defendants. | CAUSE NO.: 3:18-CV-864-RLM-MGG |

OPINION AND ORDER

Joseph Phillip Gerber, II, a prisoner without a lawyer, filed an amended complaint against 18 defendants. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Gerber was a pretrial detainee in the Elkhart County Jail in August and September 2018, when these events are alleged to have occurred. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." Bell v. Wolfish, 441 U.S. 520, 535 (1979). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by

showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" Kingsley v. Hendrickson, 576 U.S. 389, __; 135 S. Ct. 2466, 2473 (2015) (quoting *Bell v. Wolfish*).

Mr. Gerber alleges he was held in segregation from August 9 to August 13, 2018, without due process while he was being reclassified. A pretrial detainee may not be punished without due process of law. Bell v. Wolfish, 441 U.S. 520 (1979). "But no process is required if he is placed in segregation not as punishment but for managerial reasons." Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002). Mr. Gerber explains he was held in segregation over the weekend while he was being reclassified. That is a legitimate managerial reason that didn't require due process.

Mr. Gerber alleges the day before he was reclassified and released from segregation, Officers Dietz and Weaver gave him an order. He alleges Weaver punished him with five additional days in segregation for refusing the order. He was released from segregation the next day. Because the facts alleged in the complaint demonstrate he wasn't punished, these allegations don't state a claim on which relief can be granted.

He alleges he was denied access to a shower or exercise while in segregation, but he hasn't alleged facts from which it can be plausibly inferred that the brief denial of these activities while being reclassified was irrational or excessive, so this allegation doesn't state a claim on which relief can be granted.

Mr. Gerber also says that while he was in segregation, Officer Coe turned off his water for almost 48 hours as punishment for flooding his cell. It's possible this wasn't punishment, but rather a rational managerial effort to prevent an inmate who had demonstrated a propensity to flood his cell from causing damage by doing it again. Nevertheless, based solely on the allegations in the complaint, he has plausibly alleged turning off his water was punishment. Mr. Gerber will be granted leave to proceed against Officer Coe.

Mr. Gerber alleges Officers Moore, Oswalt, Huddleston, Cominator, Green, and Cornell kept him in a cell on August 28, 2018, with blood on the floor, window, and cuff port through which all his meals were passed that day. There might be legitimate reasons why their decisions to do so were rationally related to a legitimate nonpunitive governmental purpose, but the complaint plausibly states a claim against these six defendants.

Mr. Gerber alleges his food trays and drinking cups were set on a table outside his cell before they were passed to him through the cuff port. He alleges the table had blood stains on it for a week. He doesn't allege the containers were set on the stains or that either the containers or his food were ever contaminated. While it's unclear why the table was not cleaned, Mr. Gerber has not plausibly alleged that continuing to use the table as described while serving his meals was irrational or excessive.

Mr. Gerber alleges Officer Loucks and Sgt. Simkins punished him on September 6, 2018, by putting him in a padded cell without a mat, blanket, or running water. He says Officers Huddleston, Oswalt, Eddy, and Cornell forced

3

him to remain in the cell which was contaminated with hair, blood, and other bodily fluids. Though there may be legitimate reasons why these actions were rationally related to a legitimate nonpunitive governmental purpose, the complaint plausibly states a claim against these six defendants. The complaint further alleges Officers Hopkins, Starr, Jankowski, Dietz, and Weaver refused to turn the water on in the cell. He doesn't allege they denied him necessary drinking water. Mr. Gerber hasn't alleged facts from which it can be plausibly inferred that these five defendants' refusal to turn on the water turned off by others was irrational or excessive.

The complaint names three other defendants but makes no allegations about them. Two of the defendants, Sheriff Brad Rodgers and Warden Dan Edwards, are supervisors, but there is no general respondeat superior liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). The third defendant, Elkhart County Correctional, is a building, not a suable entity. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, the complaint doesn't state a claim on which relief can be granted against these three defendants.

The claims against nine of the ten remaining defendants are unchanged. These nine (Moore, Oswalt, Huddleston, Cominator, Green, Cornell, Loucks, Simkins, and Eddy) had already entered appearances before the amended

complaint was filed. Because their lawyers were served with the amended complaint, it is unnecessary to order service on them. Because the claims against them are unchanged and they have already answered the original complaint, it is unnecessary for them to answer the amended complaint. Nevertheless, they may do so if they wish.

The claim against the tenth remaining defendant (Coe) was newly added in the amended complaint. He hasn't appeared nor answered. He must be served if he does not waive service. He must also file an answer.

For these reasons, the court:

(1) GRANTS Joseph Phillip Gerber, II, leave to proceed against Officer Coe in his individual capacity for punishing him without due process by turning off his water for almost 48 hours between August 9, 2018, and August 13, 2018, in violation of the Fourteenth Amendment;

(2) GRANTS Mr. Gerber leave to proceed against Officers Moore, Oswalt, Huddleston, Cominator, Green, and Cornell for holding him in a cell contaminated with blood on August 28, 2018, in violation of the Fourteenth Amendment;

(3) GRANTS Mr. Gerber leave to proceed against Officers Loucks and Sgt. Simkins for punishing him by putting him in a contaminated padded cell on September 6, 2018, without a mat, blanket, or running water in violation of the Fourteenth Amendment;

(4) GRANTS Mr. Gerber leave to proceed against Officers Huddleston, Oswalt, Eddy, and Cornell for holding him in a contaminated cell on September 6, 2018, in violation of the Fourteenth Amendment;

(5) DISMISSES all other claims;

(6) DISMISSES Elkhart County Correctional, Brad Rodgers, Dan Edwards, Hopkins, Starr, Jankowski, Dietz, and Weaver;

(7) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Coe at the Elkhart County Jail with a copy of this order and the amended complaint (ECF 49), pursuant to 28 U.S.C. § 1915(d);

(8) ORDERS the Elkhart County Sheriff to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information; and

(9) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Coe to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 18, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT