UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSEPH PHILLIP GERBER, II, <br><br> Plaintiff, <br><br> v. <br><br> HUDDLESTON, CORNELL, GREEN, SIMPKINS, EDDY, OSWALT, LOUCKS, MOORE, and COMINATOR, <br> Defendants. | CAUSE NO.: 3:18-CV-864-RLM-MGG |

OPINION AND ORDER

Joseph Phillip Gerber, II, a prisoner without a lawyer, is proceeding in this case on conditions of confinement claims based on events that allegedly occurred while he was a pretrial detainee in the Elkhart County Jail. ECF 64. The defendants filed a summary judgment motion. ECF 120. Because their argument doesn't reflect the correct legal standard as it has evolved recently, the court denies the motion with leave to re-file.

The defendants accurately cite to Hardeman v. Curran, 933 F.3d 816, 823 (7th Cir. 2019), and acknowledge the claims of pretrial detainees "are analyzed under an objective standard under the Fourteenth Amendment." ECF 121 at 6. But they don't argue the motion based on that standard. Rather, they argue "courts look to Eighth Amendment case law in measuring this standard. Budd v. Motley, 711 F.3d 840, 842 (7th Cir. 2013)." *Id*. They are correct about *Budd* where the court said "[h]is complaint arises under the Fourteenth Amendment's due process clause (because he was a pretrial detainee), but we use Eighth Amendment case law as a guide in evaluating

his claims." *Id*. But Budd did more than use the Eighth Amendment as a guide; it directly applied the Eighth amendment test.

> While these cases make clear the basic theoretical and doctrinal distinction among the constitutional standards governing the various categories of confinement, they do not provide a practical framework for distinguishing the obligations of those constrained by each of the constitutional provisions. Indeed, on more than one occasion, while noting the distinction between pretrial and posttrial incarceration, we have decided the case before us by employing the more familiar Eighth Amendment standard.

Kingsley v. Hendrickson, 744 F.3d 443, 450 (7th Cir. 2014), *vacated and remanded*, 576 U.S. 389 (2015).

In vacating that Kingsley opinion, the Supreme Court explained, "pretrial detainees (unlike convicted prisoners) cannot be punished at all, much less maliciously and sadistically." Kingsley v. Hendrickson, 576 U.S. 389, 400 (2015) (quotation marks omitted). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" Id. at 398 (*quoting* Bell v. Wolfish, 441 U.S. 520, 535 (1979).

In Hardeman v. Curran, the court of appeals held, "that Kingsley's objective inquiry applies to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees." Hardeman v. Curran, 933 F.3d at 823. In applying that test, the court explained, "we find conditions of confinement that were objectively unreasonable and 'excessive in relation to' any legitimate non-punitive purpose." *Id*. at 824.

2

The defendants' brief makes no mention of how the conditions alleged by the plaintiff were objectively reasonable. They make no mention of a legitimate non-punitive purpose. They make no mention of how the conditions were not excessive in relation to that purpose. In short, this summary judgment motion doesn't apply the <u>Kingsley</u> standard. So it will be denied. Because it would be a waste of judicial resources to hold a trial if this case can be properly disposed of with a summary judgment motion based on the correct legal standard, the defendants will be granted leave to file another summary judgment motion.

In addition, the defendants filed a sealed motion asking to submit medical records under seal. ECF 123. There is nothing in the motion itself that requires it to be sealed. Therefore, the motion will be unsealed. The medical records might be relevant to a determination of damages, but it's unclear how they will be relevant to a re-filed summary judgment motion applying the <u>Kingsley</u> standard. Therefore, the motion to seal will be denied and the medical records stricken.

For these reasons, the court:

(1) DENIES the summary judgment motion (ECF 120);

(2) DIRECTS the clerk to unseal the motion to seal (ECF 123)

(3) DENIES the motion to seal (ECF 123);

(4) STRIKES the attachments to the motion to seal (ECF 123-1 and 123-2); and

(5) ENLARGES the dispositive motion deadline to **May 27, 2021**.

SO ORDERED on April 15, 2021

                                                              s/ Robert L. Miller, Jr.
                                                              JUDGE
                                                              UNITED STATES DISTRICT COURT